(36 Misc. Rep. 133.)

ALEXANDER v. GREACEN et al.

(City Court of New York, General Term. October, 1901.)

REAL PARTY IN INTEREST—EVIDENCE.
    A title guaranty company discovered a lien after transfer of title which it had failed to find while making a search for the grantee, and paid it for him. The grantee was not shown to have requested the payment, but sought to recover this payment from his grantors. *Held* error to exclude evidence that the company had insured the grantee against a loss of that character, which evidence would show that he was not the real party in interest.

Appeal from trial term.

Action by Thomas Alexander against Robert A. Greacen and others. Judgment directed in favor of plaintiff, and from an order denying a new trial defendants appeal. Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

Cheeney & Rogers, for appellants.

Edward E. Sprague and William H. Stockwell, for respondent.

DELEHANTY, J. Under the last will and testament of one Robert Greacen, deceased, his executors, the defendants herein, as they were therein authorized and empowered to do, sold at public auction in the city of New York on March 11, 1896, to the plaintiff in this action, a certain piece of their testator's realty. The usual terms of sale were signed by the parties, and it was therein provided that the closing of title should be had on the 15th day of April, 1896. In the interim the plaintiff procured a search to be made against the property in question by the Title Guarantee & Trust Company of the city of New York, which led to the passing of title on the day last above mentioned; the plaintiff paying the balance of the purchase money in full, and receiving in turn the executors' deed in the usual form, without covenants. In April, 1900, almost four

years after the transaction noted, an unpaid assessment, confirmed in 1873, against this property, was discovered as still outstanding, and thereupon the same was liquidated by the title company above mentioned. It is to recover that amount that this action is brought. It appeared at the trial that the payment of the money in question was a voluntary act upon the part of the title company, and made without notice to the defendants, the grantors in question; that the plaintiff never had anything to do with the payment thereof, and that the title company never demanded the same from him, either before or after payment by it; and that he never requested it to make such payment. In fact, the record shows that Alexander, the plaintiff, knew nothing of the transaction until after its consummation. At the close of the plaintiff's case, and renewed again at the end of the whole case, the defendants moved for a dismissal of the complaint upon the ground, among others, that the action is not brought in the name of the real party in interest. The motion was denied and excepted to, and thereupon a verdict was directed for the plaintiff at his request. This direction now gives to the appellants on this appeal the most favorable inference deducible from the evidence, and all disputed facts are to be treated as established in their favor. Applying this well-settled principle of law to the case, the conclusion is irresistible that the complaint should have been dismissed, if for no other reason than the one stated. As between the parties, the title company was a stranger. No one, so far as the record shows, ever requested it to make the payment which it now seeks to recover through the plaintiff, who never was cognizant of the transaction until its completion. If the trial court took the view that the title company was not a stranger, or that the payment was not purely voluntary, still it erred in excluding the offer of the defendants to show that the plaintiff had been originally indemnified and saved harmless from just such losses by the contract of hiring entered into with the title company. There is no doubt that the title company insured the plaintiff's title. The assessment in question was paid by it, and the only way a recovery could be had against the defendants therefor was through the plaintiff; but, to entitle a recovery in his name, payment must have been made by him. This the proof fails to show, and the direction of a verdict for the plaintiff was therefore error. There are other points urged by the appellants for reversal worthy of consideration, but, in view of the decision reached, it is unnecessary to discuss them. It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellants to abide event. All concur.